1  Sergio Bent, Bar No. 180662
2  Jesse M. Caryl, Bar No. 208687
   Steven M. Kroll, Bar No. 216196
3  BENT CARYL & KROLL, LLP
   6300 Wilshire Boulevard, Suite 1415
4  Los Angeles, CA  90048
   Telephone:  (323) 315-0510
5  Facsimile:  (323) 774-6021
   sbent@bcklegal.com
6  jcaryl@bcklegal.com
   skroll@bcklegal.com
7
   Attorneys for Defendant
8  CBEYOND COMMUNICATIONS, LLC
   [erroneously named CBEYOND
9  COMMUNICATIONS, INC.]

BY
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
2010 JUN -8  AM 10: 35
FILED
BY FAX

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| KATRINA NOVAK, an individual;<br><br>Plaintiff,<br><br>v.<br><br>CBEYOND COMMUNICATIONS, INC., a Corporation; and DOES 1-20, inclusive,<br><br>Defendants. | CASE NO. SACV10-794 AG (MLGx)<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT CBEYOND COMMUNICATIONS, LLC PURSUANT TO 28 U.S.C. §§ 1441 AND 1446** |

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION:

Defendant Cbeyond Communications, LLC ("Defendant"), by and through its undersigned counsel, hereby removes this action from the Superior Court of the State of California for the County of Orange ("Superior Court") to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1441 and 1446, based on the following:

BENT CARYL &
KROLL, LLP
ATTORNEYS AT LAW

## A.    INTRODUCTION

1.     On April 9, 2010, plaintiff Katrina Novak ("Plaintiff") filed a Complaint for Damages in the Superior Court titled, *"Katrina Novak v. Cbeyond Communications, Inc., and DOES 1-20,"* Case No. 30-2010-00361395. True and correct copies of the Summons and Complaint are attached hereto as Exhibit "1."

2.     On May 10, 2010, Defendant was served with the Summons and Complaint by a Notice and Acknowledgment of Receipt – Civil. A true and correct copy of the signed Notice and Acknowledgment of Receipt – Civil is attached hereto as Exhibit "2."

## B.    NATURE OF THE SUIT

3.     The Complaint alleges five causes of action against Defendant: (1) Sexual Harassment/Discrimination; (2) Statutory Retaliation; (3) Failure to Prevent Discrimination; (4) Wrongful Termination in Violation of Public Policy; and (5) Intentional Infliction of Emotional Distress. (Complaint, pp. 1-21.)

## C.    BASIS FOR REMOVAL

4.     Removal is proper because this action is one which the Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. Defendant is not a citizen of the State of California, the state in which this action is pending.

5.     Plaintiff is and was, at all relevant times when this action was filed and at the time of its removal, a citizen of the State of California. (Complaint, ¶ 1.)

6.     All of the alleged conduct complained of in this action took place in the County of Orange. (Complaint, ¶ 3.)

7.     Defendant is and was, at all relevant times when this action was filed and at the time of its removal, a limited liability corporation incorporated under the

laws of the State of Delaware and having its principal place of business in Atlanta, Georgia.

8.      Based upon the damages sought in the Complaint, the amount in controversy, excluding interest and costs, could reasonably exceed the sum of $75,000.  This calculation is supported by the amount of the lost wages and benefits allegedly owed to Plaintiff, the emotional and physical distress allegedly suffered by Plaintiff, and the punitive damages allegedly owed to Plaintiff.  (See Complaint, ¶ 7-28.)

**D.      THE NOTICE OF REMOVAL IS PROCEDURALLY CORRECT**

9.      Defendant timely filed this Notice of Removal within thirty (30) days of being served with the Complaint as required by 28 U.S.C. § 1446(b).  Under California Code of Civil Procedure § 415.30, service of a summons and complaint is deemed complete the day on which the acknowledgment of receipt is signed. Counsel for Defendant signed the subject Acknowledgment of Receipt on May 10, 2010.  (See Exhibit "2.")

10.      Defendant has attached to this Notice, all pleadings, process, orders, and all other filings in the state court action as required by 28 U.S.C. § 1446(a).  A true and correct copy of the Answer served upon Plaintiff and filed by Defendant on June 7, 2010, is attached hereto as Exhibit "3."

11.      Venue is proper in this District under 28 U.S.C. § 1441(a) because this District and Division embrace the place in which the removed action has been pending.

12.      Defendant will promptly file a copy of this Notice of Removal with the Clerk of the state court in which the action has been pending.  A true and correct copy of the Notice of Filing of Notice of Removal to be filed is attached hereto as Exhibit "4."

BENT CARYL &
KROLL, LLP
ATTORNEYS AT LAW

DEFENDANT'S NOTICE OF REMOVAL

1       WHEREFORE, in the light of the foregoing, Defendant requests this Court to

2   remove the instant case from the Superior Court of the State of California, County

3   of Orange, to the United States District Court for the Central District of California,

4   Southern Division.

5

6   Dated:    June 7, 2010        BENT CARYL & KROLL, LLP

7

8                   By: _S—M. Kroll_____

9                     Sergio Bent
                  Jesse M. Caryl

10                    Steven M. Kroll
                  Attorneys for Defendant

11                    CBEYOND COMMUNICATIONS,
                  LLC [erroneously named

12                    CBEYOND COMMUNICATIONS,
                  INC.]

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 1**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CBEYOND COMMUNICATIONS, INC., a Corporation; and DOES
1-20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KATRINA NOVAK, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Orange County Superior Court<br><br>Central Justice Center<br>700 Civic Center Drive West, Santa Ana, CA. 92701 | CASE NUMBER:<br>*(Número del Caso):* **30-2010 00361395** |

JUDGE CHARLES MARGINES
DEPT. C19

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Scott D. Hoy, Esq. 1901 First Avenue, Suite 285, San Diego, CA. 92101 Tel: (619) 692-1800

DATE: APR 09 2010
*(Fecha)* ALAN CARLSON
Clerk, by SONYA HERRERA-WILSON , Deputy
*(Secretario)* *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Cbeyond Communications, Inc.

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

APR 0 9 2010

ALAN CARLSON, Clerk of the Court

BY: S. HERRERA-WILSON, DEPUTY

1  Scott D. Hoy, Esq. SBN 169606
   MCKAVENEY HOY, APC
2  1901 First Avenue, Suite 285
   San Diego, California 92101
3  Telephone: (619) 692-1800
   Fax: (619) 692-1819
4

5  Attorneys for Plaintiff KATRINA NOVAK

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         COUNTY OF ORANGE   30-2010

10                                           00361395

11 KATRINA NOVAK, an individual;        )   Case No.:
                                        )
12              Plaintiff,              )   COMPLAINT FOR DAMAGES
                                        )
13        v.                            )   1.  Sexual Harassment/Discrimination
                                        )   2.  Statutory Retaliation
14 CBEYOND COMMUNICATIONS, INC., a      )   3.  Failure to Prevent Discrimination
   Corporation; and DOES 1-20, inclusive, )  4.  Wrongful Termination in Violation of
15                                      )       Public Policy
                Defendants.             )   5.  Intentional Infliction of Emotional
16                                      )       Distress
                                        )
17                                      )   JUDGE CHARLES MARGINES
                                        )   DEPT. C19
18 _____ )

19

20                        GENERAL ALLEGATIONS

21        1.   At all relevant times mentioned herein, plaintiff KATRINA NOVAK (hereafter

22 referred to as "plaintiff") was a resident of Orange County, State of California.

23        2.   At all relevant times mentioned herein, defendant CBEYOND

24
25 COMMUNICATIONS, INC. (hereafter referred to as "Cbeyond" or "Defendant") was a

26 corporation or other business entity which is qualified to conduct business in the State of

27

28

California, and which operates regional offices including an office in Orange County, California.

     3.      The events, circumstances, and events constituting the civil wrongs alleged herein took place in the County of Orange, State of California.

     4.      At all relevant times mentioned herein, Cbeyond was plaintiff's employer, and the unlawful employment practices and other civil wrongs alleged herein arose out of, or were associated with, plaintiff's employment with Cbeyond at its Orange County regional office.

     5.      Plaintiff is informed and believes and on that basis alleges that, at all relevant times, each of the defendants, whether named or fictitious, was the agent, partner, joint venturer, employer, employee, affiliate, subsidiary, successor, predecessor and/or assign of each of the other defendants who ratified, adopted, consented to or approved the acts, omissions, events, and circumstances alleged herein and/or acted within the course and scope of any agency and/or employment, and that each defendant is responsible for, jointly and severally liable for, the damages alleged. Plaintiff is also informed and believes and on that basis alleges that, at all relevant times, each of the defendants, whether named or fictitious, was the agent or employee of each of the other defendants, and each and every act performed by them was performed within the course and scope of their agency and were authorized, approved, ratified and condoned by the remaining defendants.

     6.      Plaintiff is unaware of the true names or capacities whether individual, corporate, associate or otherwise of the defendants named as Does 1 through 20, and therefore names said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when the information becomes known. Plaintiff is informed and believes and thereon alleges that each of said fictitiously named defendants are in some manner legally

responsible and liable to plaintiff for the acts, omissions, events, and occurrences alleged herein

as a result of said defendants' relationship to Cbeyond, whether as principals, agents, partners,

joint venturers, employers, employees, affiliates, subsidiaries, successors, predecessors and/or

assigns of Cbeyond and/or any other defendants who ratified, adopted, consented to, approved,

or participated in said acts, omissions, events, and occurrences alleged herein.  For the purposes

of this complaint, Cbeyond and the Doe defendants may be collectively referred to herein as

"Defendants".

## SPECIFIC ALLEGATIONS

7.     Defendant Cbeyond markets its business operation as a company that delivers an

integrated package of high quality local and long distance telephony services, high-speed, T-1

Internet access, and Internet-based applications to its business customers.

8.     Plaintiff began her employment with Cbeyond as a Sales Associate in

approximately November 2007.  At all times relevant hereto, plaintiff 's job performance was

more than satisfactory, and she was promoted to Sales Executive and Senior Sales Executive

before April 2008.  In April 2008, plaintiff was promoted to Sales Team Lead, and was only the

second person in her training class of twenty to be promoted to Team Lead.  In May 2008,

plaintiff won the regional Team Lead competition based on productivity of herself and her team

that she managed.

9.     In or about February 2008, defendant Cbeyond assigned an employee named

David Jones ("Jones") to its Orange County office from his previous employment location in

Texas.  Upon arriving at the Orange County office, Jones served as a Sales Activity Manager,

and possessed a managerial and supervisory role over other employees, including Sales

Representatives, Senior Sales Executives, and Team Leads (a position to which Sales

Representatives were assigned and whose assignment meant increased compensation for the Team Lead).

10.     In early 2008, plaintiff, who had by that time been promoted to Senior Sales Executive based upon her excellent production, was transferred to Jones' sales team due to vacancies in the group of employees which he managed.

11.     After being transferred to Jones' team, plaintiff sat down and met with him to discuss their new business relationship.  It quickly became apparent to plaintiff that Jones ran his team almost like a military unit.  He referred to the sales representatives as sheep and that they (meaning himself and plaintiff) were the herders.

12.     Initially, Jones and plaintiff got along because plaintiff knew how to handle and adapt herself so as to not clash with his personality style.  However, it did not take long before plaintiff became concerned over what she considered to be inappropriate conduct on the part of Jones.

13.     In team meetings, Mr. Jones routinely laced his words with inappropriate, sexually charged language and themes.  For instance, in one role playing activity supervised by Jones, he selected a "used condom factory" as the subject business in the exercise.  Plaintiff spoke with Jones about his lack of professionalism privately, but he said it was just "real talk." Plaintiff tried to explain to Jones that as a manager, he had to exhibit a higher level of professionalism and that if he kept it up things could end badly.

14.     Shortly after Jones' arrival, a new female employee (herein referred to as Ms. E.K.) joined Jones' team and was assigned to be one of plaintiff's sales representatives.  Soon, Ms. E.K. confided in plaintiff that Jones had been making her feel uncomfortable.  Ms. E.K. initially did not want to tell plaintiff what Jones had said or done, but plaintiff persisted.

Eventually, Ms. E.K. told plaintiff that Jones had repeatedly asked her to go out for drinks and invited her to spend the night at his house if she got too drunk to drive.  When Ms. E.K. attempted to politely diffuse the conversation by saying that she wouldn't have clothes to wear to work the next day, Jones replied that she "wouldn't need to wear clothes."  Ms. E.K. said she tried to "laugh it off" in Jones' presence, but that she felt uncomfortable around him.  In addition, Ms. E.K. informed plaintiff that Jones had made multiple inappropriate comments about her appearance.

15.     After listening to what Ms. E.K. had told her, plaintiff became more concerned about Jones' behavior, as well as the well-being of Ms. E.K.  Plaintiff went to Cbeyond's Market Director, Dane Bodnyk, who was Jones' superior and direct report.

16.     Plaintiff told Mr. Bodnyk what Ms. E.K. had discussed with her concerning Jones, after which Mr. Bodnyk stated that he would "handle it."  Plaintiff is informed and believes, and thereon alleges, that Mr. Bodnyk thereafter called a joint meeting with Jones and Ms. E.K. and essentially forced Ms. E.K. to spontaneously confront Jones with her accusations.  Ms. E.K. became so upset and shaken by the ordeal that she stopped showing up for work shortly thereafter.  Plaintiff called Ms. E.K. from the office to check on her, at which time Jones demanded to speak with her.  Ms. E.K. refused to speak with Jones, and informed plaintiff that she probably wasn't coming back to Cbeyond.

17.     Plaintiff was mystified as to how Ms. E.K. was essentially being intimidated and forced out of the company through no fault of her own, and felt that the manner and outcome of Mr. Bodnyk's "handling" of the situation was patently insufficient.

18.     Accordingly, on or about May 9, 2008, plaintiff took the issue to Cbeyond's human resources director, Erin Riley.  Plaintiff informed Ms. Riley about the situation involving

Ms. E.K., as well as other inappropriate behavior committed by Jones.   For example, when a

male representative was discussing one of his appointments with an older woman, Jones

suggested that she was "hitting" on him.  Jones commented that the male representative should

go ahead and "hit it" (referring to sexual intercourse) to close the deal, but editorialized that it

probably wouldn't be worth it because "that shit probably isn't even pink anymore, it's gray."

On another occasion, when a female representative discussed having back problems, Jones

announced loud enough for multiple people to hear that he knew why she was having back

problems.  Then, Jones proceeded to imitate the movements of sexual intercourse.  Ms. Riley

stated that took the matter seriously and assured plaintiff that an investigation would be

conducted, as well as keep plaintiff "in the loop."  However, Ms. E.K. did not return to Cbeyond

notwithstanding Ms. Riley's involvement.

19.     A short time later, plaintiff was managing the team alone when Jones called and

asked for directions to Cbeyond's Los Angeles office.  Plaintiff was unsure and handed the

phone to Aaron Plotkin, who, like Jones, was a Sales Activity Manager.  However, Cbeyond

Vice President Dominic Miraglia intervened, took the phone from Mr. Plotkin, and proceeded to

give Jones directions.  Later, plaintiff was informed by Jones that he had been headed to the Los

Angeles office to attend a one day sexual harassment training course.

20.     After Jones had finished his sexual harassment training, plaintiff hoped he would

change.  He didn't.  For example, while plaintiff was having a discussion with Jones, he

mentioned that he had just told a female representative "that she was probably being such a bitch

because she was on her rag."  Plaintiff was appalled and told him so.  Jones seemed genuinely

surprised that plaintiff considered it inappropriate behavior.  Later, Jones made remarks to

plaintiff about his intention to be "all up your ass" when discussing quotas with her.  On June 9,

2008, plaintiff went back to human resources director Erin Riley for a second time to protest and complain about Jones' conduct.

21.     Ms. Riley listened to plaintiff's complaint and then called her back later in the day. Ms. Riley stated that since most of Jones' accusers had already quit the company, and because there were so many new representatives in the office, the company wanted to give Mr. Jones a "fresh start" and remove plaintiff from his team. Ms. Riley gave plaintiff the option of moving to the Los Angeles office or stay in Orange County and be part of Aaron Plotkin's team, which already had two Team Leads and had no need for a third. Plaintiff was concerned because either move would mean less money for her. As Jones' only Team Lead, plaintiff had all five of his Sales Representatives assigned to her, and as such, had been receiving increased compensation due to those assignments. Under Mr. Plotkin, plaintiff would be lucky to have one representative assigned to her. A position in the Los Angeles office would mean relocating from her residence in Irvine for which she was under a lease agreement. Eventually, plaintiff decided to take the option to stay in the Orange County office and work under Mr. Plotkin, although she was told her reassignment would not take effect until the month.

22.     Shortly thereafter, plaintiff told Jones that she was changing teams and that she would no longer be on his team. Jones stated that he was disappointed, so plaintiff tried to explain what had happened. Plaintiff confessed to Jones that it was her who had turned him in for sexual harassment, at which time Jones began arguing that he "didn't do anything wrong." As the conversation grew louder, Market Director Dane Bodnyk intervened and told plaintiff to move teams immediately, even though it was only mid-month. Plaintiff was then moved to Mr. Plotkin's team with no representatives assigned to her.

23.     At the beginning of the next month, plaintiff was hopeful to have new Sales Representatives assigned to her. By then, a new Market Director joined the Orange County office named Robbie Beck, and the previous Market Director, Dane Bodynk, had been moved back to Texas.

24.     Instead, on August 8, 2008, plaintiff was summoned to a meeting with Vice President Dom Miraglia and Mr. Beck. Ms. Riley from human resources was linked to the meeting via teleconference from Los Angeles. Ms. Riley stated she wanted to discuss the possibility of plaintiff leaving Cbeyond for a rival telecom company since a close friend of plaintiff had quit her job with company the previous day. Upon quitting, that employee had sent an e-mail to company personnel expressing her concern that "numerous documented incidents of sexual harassment" involving Jones had yet to be properly addressed by the company.

25.     Ms. Riley questioned plaintiff about her intentions and suggested that she leave the company now if she planned on doing it in the future. Plaintiff assured Ms. Riley that her loyalties lay with Cbeyond and that she wasn't going anywhere. Ms. Riley then stated that she hoped the way she handled the situation with Jones did not have an impact on plaintiff's view and feelings about the company, to which plaintiff made no comment. At that point, Ms. Riley told plaintiff that she would take her word for it that she was "staying" with the company and the teleconference link to Los Angeles was disconnected, leaving plaintiff alone in the room with Mr. Miraglia and Mr. Beck.

26.     Mr. Miraglia then asked plaintiff if she thought he had a problem with promoting women. Plaintiff asked why, and Mr. Miraglia said some people around the office had been saying that. Plaintiff told him she didn't think so, and Mr. Miraglia proceeded to tell plaintiff he would really like to make her the next Sales Activity Manager ("SAM") because of her potential

and because of what he had seen with the representatives she had developed.  Plaintiff told him she would love to be a SAM.  Mr. Miraglia stated that plaintiff would never be a SAM unless he trusted plaintiff.  Then, Mr. Miraglia said that the best way to regain his trust and be considered for promotion would be for plaintiff to apologize to Jones for the trouble she had caused him.  Mr. Miraglia added that he would not trust plaintiff fully until she apologized to Jones.  When Mr. Miraglia asked if plaintiff thought she could do that, plaintiff briefly overcame her shock at the request and respectfully said she could not apologize to Jones as requested.  The meeting was then abruptly ended.

27.     The next week, Mr. Plotkin called plaintiff into his office.  He told plaintiff that Mr. Beck had decided that she would no longer be a Team Lead and would be demoted to a regular Sales Representative.  Mr. Plotkin told plaintiff he had fought for her, and that Mr. Beck could give him no good reason for her demotion.  Plaintiff explained to Mr. Plotkin that she would be losing so much money by the demotion she didn't know if she could keep her job.  Mr. Plotkin expressed regret, but said it was out of his hands.  By the end of that week, after considering her new financial reality, her precarious professional future with the company, and the intolerable manner in which she was treated for attempting to protect the company and its female employees, plaintiff concluded that she could no longer work for the company and terminated her employment.

28.     Plaintiff has timely filed a complaint with the California Department of Fair Employment and Housing pursuant to Government Code § 12965 against the defendants named herein, and has received a Right to Sue Letter from said Department in advance of the filing of this civil complaint.

## FIRST CAUSE OF ACTION
### Sexual Harassment / Sexual Discrimination
### (Plaintiff v. All Defendants)

29.     Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

30.     At all relevant times, plaintiff's employment was governed by the California Fair Employment and Housing Act as codified in California Government Code § 12900, et seq.

31.     Defendants, and each of them, acting by and through their employees and agents, including Jones, engaged in a pattern and practice of harassment and discrimination against employees, including plaintiff, on the basis of sex and in violation of California Government Code § 12900 *et seq*, subjecting plaintiff to unwelcome sexual harassment, discrimination and hostility.  Said conduct continued until the time that plaintiff's employment was terminated, either actually or constructively.  Plaintiff found that enduring the sexual harassment and discrimination described herein was one of the conditions of employment at Cbeyond, all of which were unwelcome by plaintiff, and all of which interfered with her ability to perform her respective job duties.

32.     As a direct and proximate result of defendants' conduct, plaintiff has lost income and employment and incidental benefits, in amounts to be proven at trial.

33.     As a direct and proximate result of defendants' conduct, plaintiff has suffered severe psychological and emotional injury, mental distress and shock, humiliation, chagrin, worry and oppression of a lasting nature.

34.     The conduct of defendants and their agents and employees, and each of them, as described herein, was despicable and was carried on with willful and conscious disregard for the rights of plaintiff. Defendants were aware of the probable dangerous consequences of the

conduct described herein and willfully and deliberately failed to avoid those consequences.  The conduct of defendants constitutes malice, oppression and fraud such that plaintiff is entitled to punitive damages under California Civil Code § 3294 in an amount sufficient to punish or set an example of defendants.

35.    Plaintiff was required to obtain legal counsel to protect her rights, and plaintiff thereby has incurred attorney's fees in an amount to be proven at the time of trial.  Pursuant to Government Code § 12900, et seq., and specifically § 12965(b), plaintiff requests the award of reasonable attorney's fees against defendants, and each of them.

## SECOND CAUSE OF ACTION
### Statutory Retaliation
### (Plaintiff v. All Defendants)

36.    Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

37.    As set forth elsewhere in this pleading, plaintiff contacted Cbeyond's human resources department, as well as other Cbeyond employees and agents, and complained about Jones' sexually inappropriate, intimidating and unprofessional behavior, including but not limited to, the aforementioned situation with Ms. E.K., and Mr. Jones' repeated use of vulgar and sexually laced language.

38.    Following plaintiff complaints to human resources about Jones' sexually inappropriate behavior, and continuing thereafter until the time of her termination of employment, plaintiff was subjected to a litany of retaliatory adverse employment actions which were designed, or had the effect of, punishing and forcing plaintiff out of the company, including but not limited to the following:

a)     Being removed from Jones' team in order to give Jones a "fresh start," although plaintiff was the only Team Lead on Jones' team and with that position, plaintiff had five representatives assigned to her which served to increase plaintiff's compensation;

b)     Being assigned to another team under Mr. Plotkin wherein plaintiff's assignment of subordinate representatives would be lessened or eliminated completely;

c)     Being removed from Jones' team mid-month and being placed on Mr. Plotkin's team without any representatives assigned to plaintiff;

d)     Being subjected to a coercive meeting involving Vice President Dom Miraglia and Market Director Robbie Beck, wherein plaintiff was pressured to "apologize" to Jones with the inducement of a promotion to Sales Activity Manager if she so apologized;

e)     Being told that plaintiff could not be "trusted" by Vice President Dom Miraglia unless she "apologized" to Jones;

f)     Being demoted to the position of generic "representative" within a week of plaintiff telling Mr. Miraglia and Mr. Beck that she could not agree to apologize to Jones as they had sought, notwithstanding their promises of a significant promotion if she apologized and their praise for plaintiff's potential and productivity.

g)     Being forced to terminate her employment with the company due to financial and emotional hardship caused by the conduct of Cbeyond and its employees after plaintiff had reported her concerns about Jones' behavior.

39.     By undertaking these adverse employment actions, defendants, and each of them, engaged in a course of action designed to retaliate against plaintiff as the result of her complaints and protests against Jones' inappropriate conduct, and that such retaliation continued up to and including the point of constructively terminating plaintiff's employment.

40.     At the time of the adverse employment actions, and up to the time of her termination of employment, plaintiff was performing her job in a satisfactory, if not exemplary manner.   Plaintiff's termination, as well as the other adverse employment actions described herein, were illegitimate, pretextual, and designed to punish her for opposing, protesting and/or complaining about Jones' conduct as set forth herein.

41.     Government Code §12940(h) forbids employers and individuals from retaliating, discharging, or otherwise discriminating against any person because the person has opposed any practice forbidden under the California Fair Employment and Housing Act, including sexual harassment and discrimination.

42.     When complaining, opposing, or protesting to Cbeyond's human resources department, as well as other Cbeyond employees and agents, plaintiff held a good faith belief that the conduct attributed to Jones constituted unlawful sexual harassment and discrimination.

43.     Defendants, and each of them, retaliated against plaintiff in violation of California Government Code § 12940(h), by engaging in a course of retaliatory conduct in response to plaintiff's opposition to, and complaints about sexual harassment and discrimination, and that said retaliatory conduct included, but was not limited to, plaintiff's reassignment, demotion and eventual termination.

44.     As a proximate result of defendants' conduct, plaintiff has suffered economic damages including back and future lost wages, salary, commissions, performance bonuses, retirement income, and certain other benefits and incidental and consequential losses all to her damage, the precise amount of which will be proven at trial.

45.   As a proximate result of defendants' conduct, plaintiff has suffered and continues to suffer embarrassment, anxiety, humiliation and emotional distress all to her damage, the precise amount of which will be proven at trial.

46.   The conduct of defendants and their agents and employees, and each of them, as described herein was despicable and was carried on by defendants with willful and conscious disregard for plaintiff's rights.  Defendants were aware of the probable consequences of their conduct and willfully and deliberately failed to avoid those consequences.  Defendants' conduct constituted malice, oppression or fraud such that plaintiff is entitled to punitive damages under California Civil Code §3294 in an amount to punish or to set an example of defendants.

47.   Plaintiff was required to obtain legal counsel to protect her rights, and plaintiff thereby has incurred attorney's fees in an amount to be proven at the time of trial.  Pursuant to Government Code § 12900, et seq., and specifically § 12965(b), plaintiff requests the award of reasonable attorney's fees against defendants, and each of them.

### THIRD CAUSE OF ACTION
### Failure to Prevent Discrimination and Harassment
### (Plaintiffs v. All Defendants)

48.   Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

49.   Government Code § 12940 makes it unlawful for an employer to fail to take all reasonable steps necessary to prevent discrimination and sexual harassment from occurring. Defendants failed to take all reasonable steps to prevent discrimination and harassment against plaintiff and other female employees from occurring, and to take immediate and appropriate corrective action to remedy the harassment, in violation of California Government Code § 12940(j).

50.     Government Code § 12950 imposes on an employer a duty to ensure a workplace free of sexual harassment by implementing, at a minimum, certain notification procedures including, but not limited to, posting required notices and disseminating information sheets to every employee.  Defendant failed to distribute the information sheets to all employees in violation of § 12950, and to otherwise provide adequate training to its employees so as to protect against unlawful sexual harassment and discrimination, and defendant failed to provide reasonable oversight or assert its authority over the conduct of Jones and the Orange County office's working environment as set forth herein.

51.     Despite Cbeyond's actual or constructive knowledge of Jones' conduct and the insufficient training and oversight of the Orange County working environment as set forth herein, defendant Cbeyond continued to employ Jones and left him virtually unmonitored, thus enabling Jones to engage in the pattern and practice of discrimination and harassment as alleged in this complaint, and thereafter Cbeyond failed to take immediate and appropriate corrective action to remedy the harassment by Jones and the retaliation perpetrated by others, choosing instead to reassign, demote and terminate the plaintiff's employment.

52.     Despite Cbeyond's actual or constructive knowledge of Jones' inappropriate and sexually laced behavior and conduct, as well as the hostile work environment caused by Jones' actions at the Orange County office, Cbeyond failed to conduct a prompt, reasonable and meaningful investigation or to otherwise take or attempt to take any reasonable or meaningful corrective action against Jones, or take any meaningful steps to protect the rights of plaintiff and other female employees when plaintiff brought Jones' behavior to the attention of Cbeyond managerial personnel.

53.     The defendants' handling of the investigation of plaintiff's complaints caused her to feel unprotected and threatened by her employer.  Moreover, the retaliatory environment to which she was subjected after lodging her complaints became so pervasive and intolerable that it ultimately forced plaintiff to terminate her employment.

54.     The defendants had actual knowledge of the intolerable actions and employment conditions and of their impact upon the plaintiff.  The defendants could have remedied the situation but did not.  The actions and conditions that caused plaintiff to resign violated public policy, including that set forth in Government Code § 12900 *et seq.*

55.     As a direct and proximate result of defendants' conduct, plaintiff has lost income, including salary, commissions, and employment and incidental benefits, in amounts to be proven at trial.

56.     As a direct and proximate result of defendant's conduct, plaintiff has suffered severe psychological and emotional injury, mental distress and shock, humiliation, chagrin, worry and oppression of a lasting nature.

57.     The conduct of defendants and their agents and employees, and each of them, as described herein was despicable and was carried on by defendants with willful and conscious disregard for plaintiff's rights.  Defendants were aware of the probable consequences of their conduct and willfully and deliberately failed to avoid those consequences.  Defendants' conduct constituted malice, oppression or fraud such that plaintiff is entitled to punitive damages under California Civil Code §3294 in an amount to punish or to set an example of defendants.

58.     Plaintiff was required to obtain legal counsel to protect her rights, and plaintiff thereby has incurred attorney's fees in an amount to be proven at the time of trial.  Pursuant to

Government Code § 12900, et seq., and specifically § 12965(b), plaintiff requests the award of reasonable attorney's fees against defendants, and each of them.

### FOURTH CAUSE OF ACTION
#### Wrongful Termination in Violation of Public Policy
#### (Plaintiff v. All Defendants)

59.     Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

60.     Plaintiff is informed and believes and thereon alleges that she was constructively terminated from her employment with Cbeyond as the result of intolerable, unlawful working conditions as set forth in this complaint and/or because of plaintiff's complaints about sexual harassment and discrimination on the part of Jones.

61.     By terminating plaintiff's employment, defendants acted in violation of public policy as set forth in California Government Code § 12900 *et seq.* and Article 1, § 8 of the California Constitution.

62.     As a result of defendants' wrongful termination of plaintiff's employment, plaintiff has suffered economic harm with corresponding loss of future earnings, as well as humiliation, embarrassment, emotional distress and mental anguish, all to her damage, the precise amount of which will be proven at trial.

63.     The conduct of defendants and their agents and employees, and each of them, as described herein was despicable and was carried on by defendants with willful and conscious disregard for plaintiff's rights. Defendants were aware of the probable consequences of their conduct and willfully and deliberately failed to avoid those consequences. Defendants' conduct constituted malice, oppression or fraud such that plaintiff is entitled to punitive damages under California Civil Code §3294 in an amount to punish or to set an example of defendants.

## FIFTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
### (Plaintiff v. All Defendants)

64.     Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

65.     In acting in the manner more fully described in this complaint, defendants, and each of them, did engage in extreme, outrageous and unprivileged conduct.

66.     Plaintiff is informed and believes, and thereon alleges, that defendants, and each of them, did engage in this extreme, outrageous and unprivileged conduct with the intent to cause plaintiff to suffer emotional distress; or in the alternative, plaintiff is informed and believes, and thereon alleges, that defendants, and each of them, did engage in this extreme, outrageous and unprivileged conduct with reckless disregard of the probability of causing plaintiff to suffer emotional distress.

67.     Defendants, and each of their extreme, outrageous and unprivileged conduct caused, and continues to cause, plaintiff to suffer severe emotional distress.

68.     As the direct and proximate result of defendants, and each of their conduct, plaintiff has suffered damages in an amount to be proven at trial.

69.     The conduct of defendants and their agents and employees, and each of them, as described herein was despicable and was carried on by defendants with willful and conscious disregard for plaintiff's rights.  Defendants were aware of the probable consequences of their conduct and willfully and deliberately failed to avoid those consequences.  Defendants' conduct constituted malice, oppression or fraud such that plaintiff is entitled to punitive damages under California Civil Code §3294 in an amount to punish or to set an example of defendants.

**WHEREFORE**, plaintiff prays for judgment against the defendants, and each of them, as follows:

### AS TO THE FIRST CAUSE OF ACTION

1.    For general damages according to proof at trial;

2.    For special damages according to proof at trial;

3.    For exemplary and punitive damages according to proof at trial;

4.    For attorney's fees pursuant to Government Code §12965(b) and any other applicable statute;

5.    For an award of interest, including prejudgment interest, as provided by law and according to proof at trial;

6.    For costs of the suit herein incurred;

7.    For such further relief, in law or in equity, as this court deems just and proper.

### AS TO THE SECOND CAUSE OF ACTION

1.    For general damages according to proof at trial;

2.    For special damages according to proof at trial;

3.    For exemplary and punitive damages according to proof at trial;

4.    For attorney's fees pursuant to Government Code §12965(b) and any other applicable statute;

5.    For an award of interest, including prejudgment interest, as provided by law and according to proof at trial;

6.    For costs of the suit herein incurred;

7.     For such further relief, in law or in equity, as this court deems just and

proper.

**AS TO THE THIRD CAUSE OF ACTION**

1.     For general damages according to proof at trial;

2.     For special damages according to proof at trial;

3.     For exemplary and punitive damages according to proof at trial;

4.     For attorney's fees pursuant to Government Code §12965(b) and any other

applicable statute;

5.     For an award of interest, including prejudgment interest, as provided by

law and according to proof at trial;

6.     For costs of the suit herein incurred;

7.     For such further relief, in law or in equity, as this court deems just and

proper.

**AS TO THE FOURTH CAUSE OF ACTION**

1.     For general damages according to proof at trial;

2.     For special damages according to proof at trial;

3.     For exemplary and punitive damages according to proof at trial;

4.     For an award of interest, including prejudgment interest, as provided by

law and according to proof at trial;

5.     For costs of the suit herein incurred;

6.     For such further relief, in law or in equity, as this court deems just and

proper.

## AS TO THE FIFTH CAUSE OF ACTION

1.  For general damages according to proof at trial;

2.  For special damages according to proof at trial;

3.  For exemplary and punitive damages according to proof at trial;

4.  For an award of interest, including prejudgment interest, as provided by law and according to proof at trial;

5.  For costs of the suit herein incurred;

6.  For such further relief, in law or in equity, as this court deems just and proper.

Date: 1-8-10

McKAVENEY HOY, APC

By _____
Scott D. Hoy, Esq.
Attorneys for Plaintiff KATRINA NOVAK

**EXHIBIT 2**

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Scott D. Hoy, Esq. (SBN 169606)<br>McKaveney Hoy, APC<br>1901 First Avenue, Suite 285<br>San Diego, California  92101<br><br>TELEPHONE NO.: (610 692-1800     FAX NO. *(Optional):* (619) 692-1819<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff Katrina Novak | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, CA. 92701
BRANCH NAME: Central Justice Center

PLAINTIFF/PETITIONER: Katrina Novak

DEFENDANT/RESPONDENT: Cbeyond Communications, Inc. et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>30-2010-00361395 |
|---|---|

TO *(insert name of party being served):* Cbeyond Communications, Inc. (c/o Steven M. Kroll, Esq)

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: April 21, 2010

Scott D. Hoy, Esq.
_____          ► _____
          (TYPE OR PRINT NAME)                        (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓]  A copy of the summons and of the complaint.
2. [✓]  Other *(specify):*
    1.  Alternative Dispute Resolution Information Package;
    2.  Civil Department Calendar Scheduling Chart

*(To be completed by recipient):*

Date this form is signed:  5/10/10

Steven M. Kroll, Bent Caryl & Kroll LLP, attorneys          ► St. M. Kroll, Attorneys for Defendant
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)          ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)
for Cbeyond Communications, Inc.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>*www.courtinfo.ca.gov*<br>American LegalNet, Inc.<br>www.USCourtForms.com |
|---|---|---|

1
## PROOF OF SERVICE

2        I, Steven M. Kroll, declare:

3        I am a citizen of the United States and employed in Los Angeles County, California. I am
over the age of eighteen years and not a party to the within-entitled action. My business address
4  is 6300 Wilshire Boulevard, Suite 1415, Los Angeles, California 90048. On May 10, 2010, I
served a copy of the within document(s):

5
## NOTICE AND ACKNOWLEDGMENT OF RECEIPT – CIVIL (SIGNED)

6

7                by transmitting via facsimile the document(s) listed above to the fax number(s) set
                 forth below on this date before 5:00 p.m.

8
        X       by placing the document(s) listed above in a sealed envelope with postage thereon
9                fully prepaid, in the United States mail at Los Angeles, California addressed as set
                 forth below.

10
                by placing the document(s) listed above in a sealed Overnite Express envelope and
11               affixing a pre-paid air bill, and causing the envelope to be delivered to an Overnite
                 Express agent for delivery.

12
                by personally delivering the document(s) listed above to the person(s) at the
13               address(es) set forth below.

14      Scott D. Hoy, Esq.                        Tel: (619) 692-1800
        McKaveney Hoy, APC                        Fax: (619) 692-1819
15      1901 First Avenue, Suite 285
        San Diego, California 92101
16      *Attorney for Plaintiff*
        *Katrina Novak*
17

18        I am readily familiar with the firm's practice of collection and processing correspondence
for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same
19  day with postage thereon fully prepaid in the ordinary course of business. I am aware that on
motion of the party served, service is presumed invalid if postal cancellation date or postage
20  meter date is more than one day after date of deposit for mailing in affidavit.

21        I declare under penalty of perjury under the laws of the State of California that the above
is true and correct.

22
        Executed on May 10, 2010, at Los Angeles, California.

23

24                                          *S-M.Kroll*

25                                          Steven M. Kroll

26

27

28

CASE NO. 30-2010-00361395

PROOF OF SERVICE

DOCUMENT PRINTED ON RECYCLED PAPER

**EXHIBIT 3**

1  Sergio Bent, Bar No. 180662
   Jesse M. Caryl, Bar No. 208687
2  Steven M. Kroll, Bar No. 216196
   BENT CARYL & KROLL, LLP
3  6300 Wilshire Boulevard, Suite 1415
   Los Angeles, CA 90048
4  Telephone:     (323) 315-0510
   Facsimile:     (323) 774-6021
5
   Attorneys for Defendant
6  CBEYOND COMMUNICATIONS, LLC
   [erroneously named CBEYOND
7  COMMUNICATIONS, INC.]

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

**JUN 07 2010**

ALAN CARLSON, Clerk of the Court

BY: S. HERRERA-WILSON    DEPUTY

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                           COUNTY OF ORANGE

11

12  KATRINA NOVAK, an individual;          CASE NO. 30-2010-00361395

13                Plaintiff,               Assigned for all purposes to:
                                           Judge Charles Margines, Dept. C19
14        v.
                                           **DEFENDANT CBEYOND**
15  CBEYOND COMMUNICATIONS, INC.,          **COMMUNICATIONS, LLC'S ANSWER TO**
    a Corporation; and DOES 1-20, inclusive, **PLAINTIFF KATRINA NOVAK'S**
16                                         **UNVERIFIED COMPLAINT FOR**
                Defendants.                **DAMAGES**
17
                                           Action filed:     April 9, 2010
18                                         Trial date:       None

19

20        Defendant Cbeyond Communications, LLC ("Defendant") hereby answers plaintiff

21  Katrina Novak's ("Plaintiff") unverified Complaint for Damages ("Complaint") as follows:

22                               **GENERAL DENIAL**

23        Pursuant to Section 431.30 of the California Code of Civil Procedure, Defendant denies,

24  both generally and specifically, each and every allegation contained in the Complaint and further

25  specifically denies that Plaintiff has suffered or will suffer any injury or damage as a result of any

26  acts or omissions by or conduct of Defendant.

27

28

/CASE No. 30-2010-00361395

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

DOCUMENT PRINTED ON RECYCLED PAPER

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof or persuasion, Defendant alleges that Plaintiff's Complaint, and each cause of action alleged therein, is subject to the following defenses:

### FIRST DEFENSE

### (Failure To State A Claim)

1.      As a first affirmative defense, Defendant alleges that the Complaint, and each cause of action contained therein, fails to state sufficient facts to constitute a cause of action against Defendant.

### SECOND DEFENSE

### (Statute Of Limitations)

2.      As a second affirmative defense, Defendant alleges that Plaintiff's claims are barred by the applicable statute of limitations, including, but not limited to, Code Civ. Proc., § 335.1 and Gov. Code, § 12965.

### THIRD DEFENSE

### (Workers' Compensation Preemption)

3.      As a third affirmative defense, Defendant alleges that the Complaint is preempted by the California Workers' Compensation Act (Lab. Code, §§ 3600, et seq.) in that Plaintiff's alleged injuries arose out of the employment relationship, and the workers' compensation system is the exclusive remedy for such injuries.

### FOURTH DEFENSE

### (Failure To Exhaust)

4.      As a fourth affirmative defense, Defendant alleges that Plaintiff's claims under the Fair Employment and Housing Act ("FEHA") are barred because Plaintiff failed to exhaust her administrative remedies.

BENT CARYL &
KROLL, LLP
ATTORNEYS AT LAW

/CASE NO. 30-2010-00361395

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

DOCUMENT PRINTED ON RECYCLED PAPER

## FIFTH DEFENSE

### (At-Will Employment)

5.      As a fifth affirmative defense, Defendant alleges that Plaintiff's claims are barred because Plaintiff's term of employment was unspecified and expressly terminable at-will.  (Lab. Code, § 2922.)

## SIXTH DEFENSE

### (Avoidable Consequences Doctrine)

6.      As a sixth affirmative defense, Defendant alleges that the Complaint, and each purported cause of action contained therein, is barred because Defendant took reasonable steps to prevent and correct any harassment, discrimination, or retaliation in workplace, Plaintiff unreasonably failed to use Defendant's established discrimination, harassment or retaliation policies or complaint procedures, and the reasonable use of Defendant's policies and procedures would have prevented some or all of Plaintiff's alleged harm.

## SEVENTH DEFENSE

### (Reasonable Care)

7.      As a seventh affirmative defense, Defendant alleges that the Complaint, and each purported cause of action contained therein, is barred because Defendant exercised reasonable care to prevent and correct promptly any alleged harassment, discrimination or retaliation in the workplace, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

## EIGHTH DEFENSE

### (Immediate and Appropriate Action)

8.      As an eighth affirmative defense, Defendant alleges that the Complaint, and each and every cause of action alleged therein, is barred on the ground that Defendant took immediate and appropriate efforts to investigate and remedy Plaintiff's complaint.

BENT CARYL &
KROLL, LLP
ATTORNEYS AT LAW

/CASE NO. 30-2010-00361395

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT
DOCUMENT PRINTED ON RECYCLED PAPER

## NINTH DEFENSE

### (Offset)

9.     As a ninth affirmative defense, without conceding that any act of Defendant caused damage to Plaintiff in any respect, Defendant is entitled to offset and recoup against any judgment that may be entered for the Plaintiff.

## TENTH DEFENSE

### (Laches)

10.     As a tenth affirmative defense, Defendant alleges that the Complaint, and each purported cause of action contained therein, is barred by the doctrine of laches in that Plaintiff operated under the terms and conditions of his employment for a substantial period of time, and then unreasonably delayed in brining this action.

## ELEVENTH DEFENSE

### (Waiver)

11.     As an eleventh affirmative defense, Defendant alleges that the Complaint, and each purported cause of action contained therein, is barred by barred by the doctrine of waiver.

## TWELFTH DEFENSE

### (Unclean hands)

12.     As a twelfth affirmative defense, Defendant alleges that Plaintiff's Complaint, and each purported cause of action contained therein, is barred by the doctrine of unclean hands.

## THIRTEENTH DEFENSE

### (Legitimate Business Reason)

13.     As a thirteenth affirmative defense, Defendant alleges that the Complaint, and each and every cause of action alleged therein, is barred on the ground that Defendant had legitimate business reasons, which were not a pretext for discrimination, retaliation or wrongful termination, for taking certain employment action against Plaintiff.

Bent Caryl &
Kroll, LLP
Attorneys At Law

/CASE No. 30-2010-00361395

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT
DOCUMENT PRINTED ON RECYCLED PAPER

## FOURTEENTH DEFENSE

### (Failure To Mitigate)

14.     As a fourteenth affirmative defense, Defendant alleges that Plaintiff is barred from recovering monetary damages to the extent that she has failed to mitigate her damages, if any, as required by law.

## FIFTEENTH DEFENSE

### (After-Acquired Evidence)

15.     As a fifteenth affirmative defense, Defendant alleges that Plaintiff's claims and damages, if any, are barred, in whole or in part, by the doctrine of after-acquired evidence.

## SIXTEENTH DEFENSE

### (Intervening and Superseding Acts)

16.     As a sixteenth affirmative defense, the intervening and superseding acts or omissions of persons or entities other than Defendant, and for whose acts or omissions Defendant are not responsible, proximately caused Plaintiff's alleged losses, injuries or damages described in the Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Arbitration)

17.     As a seventeenth affirmative defense, Defendant alleges that the Complaint, and each purported cause of action contained therein, is barred by a written mandatory, binding arbitration agreement.

## RESERVATION

Defendant reserves its right to assert additional defenses in the event discovery reveals that additional defenses are available to Defendant.

BENT CARYL &
KROLL, LLP
ATTORNEYS AT LAW

/CASE NO. 30-2010-00361395
DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT
DOCUMENT PRINTED ON RECYCLED PAPER

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiff's Complaint be dismissed in its entirety with prejudice and that Plaintiff take nothing by way of his Complaint;

2.     For reasonable attorneys' fees, as appropriate, and costs incurred herein; and

3.     For such other and further relief as the Court may deem just and proper.

Dated: June 7, 2010                          BENT CARYL & KROLL, LLP


By: _S+ M. Kroll_____
    Sergio Bent
    Jesse M. Caryl
    Steven M. Kroll
    Attorneys for Defendant
    CBEYOND COMMUNICATIONS, LLC
    [erroneously named CBEYOND
    COMMUNICATIONS, INC.]

BENT CARYL &
KROLL, LLP
ATTORNEYS AT LAW

/CASE NO. 30-2010-00361395

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

DOCUMENT PRINTED ON RECYCLED PAPER

## PROOF OF SERVICE

1

2    I, Steven M. Kroll, declare:

3    I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address

4  is 6300 Wilshire Boulevard, Suite 1415, Los Angeles, California 90048. On June 7, 2010, I served a copy of the within document(s):

5

**DEFENDANT CBEYOND COMMUNICATIONS, LLC'S ANSWER TO**

6  **PLAINTIFF KATRINA NOVAK'S UNVERIFIED COMPLAINT FOR DAMAGES**

7    ..    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

8

9    X    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

10

11    ..    by placing the document(s) listed above in a sealed Overnite Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to an Overnite Express agent for delivery.

12

13    ..    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

14  Scott D. Hoy, Esq.        *Attorneys for Plaintiff Katrina Novak*

    MCKAVENY HOY, APC

15  1901 First Avenue, Suite 285

    San Diego, CA 92101

16  Telephone: (619) 692-1800

17  Fax: (619) 692-1819

18    I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same

19  day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage

20  meter date is more than one day after date of deposit for mailing in affidavit.

21    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

22

23    Executed on June 7, 2010, at Los Angeles, California.

24

25                             Steven M. Kroll

26

27

28

**EXHIBIT 4**

1   Sergio Bent, Bar No. 180662
      Jesse M. Caryl, Bar No. 208687
2   Steven M. Kroll, Bar No. 216196
      BENT CARYL & KROLL, LLP
3   6300 Wilshire Boulevard, Suite 1415
      Los Angeles, CA 90048
4   Telephone:   (323) 315-0510
      Facsimile:   (323) 774-6021

5

6   Attorneys for Defendant
      CBEYOND COMMUNICATIONS, LLC
      [erroneously named CBEYOND
7   COMMUNICATIONS, INC.]

8

9             SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                   COUNTY OF ORANGE

11

12   KATRINA NOVAK, an individual;       CASE NO. 30-2010-00361395

13            Plaintiff,            Assigned for all purposes to:
                             Judge Charles Margines, Dept. C19
14        v.

15   CBEYOND COMMUNICATIONS, INC.,   **NOTICE TO STATE COURT OF**
      a Corporation; and DOES 1-20, inclusive,   **REMOVAL OF CIVIL ACTION BY**
16                               **DEFENDANT CBEYOND**
             Defendants.          **COMMUNICATIONS, LLC PURSUANT TO**
17                              **28 U.S.C. §§ 1441 AND 1446**

18                           Action filed:     April 9, 2010
                             Trial date:      None

19

20         TO THE CLERK OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

21   FOR THE COUNTY OF ORANGE, AND PLAINTIFF KATRINA NOVAK AND HER

22   ATTORNEYS OF RECORD:

23         PLEASE TAKE NOTICE that on June __, 2010, defendant Cbeyond Communications,

24   LLC ("Defendant") filed a Notice of Removal in the United States District Court for the Central

25   District of California, Southern Division, pursuant to 28 U.S.C. § 1441 and 1446. A true and

26   correct copy of Defendant's Notice of Removal is attached is attached hereto as Exhibit "A."

27

28

BENT CARYL &
KROLL, LLP
ATTORNEYS AT LAW

/CASE No. 30-2010-00361395
DEFENDANT'S NOTICE TO STATE COURT OF REMOVAL
DOCUMENT PRINTED ON RECYCLED PAPER

PLEASE TAKE FURTHER NOTICE that the filing of Defendant's Notice of Removal in the United States District Court, together with this prompt filing of a copy of the same with this Court for the Central District of California, Southern Division, effects the removal of this action and that this Court may not proceed any further unless and until the case is remanded, pursuant to 28 U.S.C. § 1446,

Dated: June __, 2010                    BENT CARYL & KROLL, LLP


By: _____
    Sergio Bent
    Jesse M. Caryl
    Steven M. Kroll
    Attorneys for Defendant
    CBEYOND COMMUNICATIONS, LLC
    [erroneously named CBEYOND
    COMMUNICATIONS, INC.]

BENT CARYL &
KROLL, LLP
ATTORNEYS AT LAW

/CASE No. 30-2010-00361395

DEFENDANT'S NOTICE TO STATE COURT OF REMOVAL
DOCUMENT PRINTED ON RECYCLED PAPER

## PROOF OF SERVICE

I, Steven M. Kroll, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 6300 Wilshire Boulevard, Suite 1415, Los Angeles, California 90048. On June 7, 2010, I served a copy of the within document(s):

**NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT CBEYOND COMMUNICATIONS, LLC PURSUANT TO 28 U.S.C. §§ 1441 AND 1446**

    __     by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

    X     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

    __     by placing the document(s) listed above in a sealed Overnite Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to an Overnite Express agent for delivery.

    __     by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Scott D. Hoy, Esq.
MCKAVENY HOY, APC
1901 First Avenue, Suite 285
San Diego, CA 92101
Telephone: (619) 692-1800
Fax: (619) 692-1819

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on June 7, 2010, at Los Angeles, California.

_St— M. Kroll_
Steven M. Kroll

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Andrew Guilford and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

## SACV10- 794 AG (MLGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [X] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**BY FAX**

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Katrina Novak | Cbeyond Communications, LLC |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Scott D. Hoy, Esq./McKaveny Hoy, APC<br>1901 First Avenue, Suite 285<br>San Diego, CA 92101<br>Tel: (619) 692-1800    Fax: (619) 692-1819 | Steven M. Kroll, Esq./Bent Caryl & Kroll, LLP<br>6300 Wilshire Boulevard, Suite 1415<br>Los Angeles, CA 90048<br>Tel: (323) 315-0510    Fax: (323) 774-6021 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff      ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant      ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes  ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No     ☒ MONEY DEMANDED IN COMPLAINT: $ Exceeds 75,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. § 1332, 1441(a) - Diverse civil action where amount in controversy exceeding $75,000, excluding interest and costs, and is between citizens of different states.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 190 Other Contract | ☐ 362 Personal Injury- Med Malpractice | ☒ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | REAL PROPERTY | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

FOR OFFICE USE ONLY:   Case Number: SACV10-794 AG (MLGx)

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
   ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
   ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
   ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Plaintiff Katrina Novak - Orange County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Defendant Cbeyond Communications, LLC - State of Georgia |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** *St-M.Krull*     Date June 7, 2010

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

## PROOF OF SERVICE

1

I, Steven M. Kroll, declare:

2

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 6300 Wilshire Boulevard, Suite 1415, Los Angeles, California 90048. On June 7, 2010, I served a copy of the within document(s):

3

4

5

**CIVIL COVER SHEET**

6

      by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

7

8

  X    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

9

10

      by placing the document(s) listed above in a sealed Overnite Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to an Overnite Express agent for delivery.

11

12

      by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

13

14

Scott D. Hoy, Esq.

MCKAVENY HOY, APC

15

1901 First Avenue, Suite 285

San Diego, CA 92101

16

Telephone: (619) 692-1800

17

Fax: (619) 692-1819

18

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

19

20

21

22

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

23

Executed on June 7, 2010, at Los Angeles, California.

24

25

_St–M.Kroll_

26

_____

Steven M. Kroll

27

28